[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moved for an order of alimony pendente lite.
The plaintiff testified that the maintenance and upkeep on the parties' residence exceeds $300,000 annually and that during the marriage the defendant regularly provided from his sources money for such expenses. She has been unemployed since the date of the marriage twelve years ago.
The defendant testified that his financial affairs are handled by Mr. Richard Holmes, an asset coordinator, who supervises his affairs in England. He testified that he was the Settlor of a Trust of which he alleges he is not a beneficiary. He admits that $2,235,000 has been borrowed by him from the trust; that there is no repayment due or any interest charged. In addition, the defendant acknowledged receiving $1,025,000 as a gift from his mother The defendant does not presently work although he has experience as a professional photographer capable of earning $200 per day working in that capacity. His earning capacity if employed would be $50,000.
In addition, he had income of an indeterminate amount from the portfolio of the parties. Mr. Pilkington opined that he could, from sources available to him, pay the sum of $4000 per week in alimony.
The defendant has demonstrated the ability to provide CT Page 13741 $250,000 for attorneys fees for his U.S. and British lawyer and has deposited $75,000 with counsel in the U.S. for living expenses.
Thc court finds that the defendant has managed to obtain in excess of $300,000 since April of 1998 for counsel and appellate expenses.
After considering the statutory criteria set forth in Conn. Gen. Stat. § 46b-83, the court awards the plaintiff $4000 per week as alimony pendente lite. All credits for prior payments are differed until the final awards at trial.
This order is retroactive to the date of the initial award.
Kocay, J.